Affirmed as Modified; Opinion Filed October 31, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00041-CR
No. 05-12-00042-CR
No. 05-12-00043-CR

## YASHEAN MARQUIN JACKSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 363rd District Court
Dallas County, Texas
Trial Court Cause No. F10-56595-W, F10-56596-W, F10-56597-W

# MEMORANDUM OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion By Lang-Miers

Yashean Marquin Jackson appeals from the adjudication of his guilt for one aggravated sexual assault of a child younger than fourteen years offense and two indecency with a child offenses. In two issues, appellant contends the trial court abused its discretion by adjudicating his guilt and revoking his community supervision. We modify the trial court's judgments and affirm as modified. The background of the cases and the evidence admitted at trial are well known to the parties, and we therefore limit recitation of the facts. We issue this memorandum

opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

## BACKGROUND

Appellant waived a jury and pleaded guilty to one aggravated sexual assault of a child younger than fourteen years offense and two indecency with a child offenses. *See* TEX. PENAL CODE §§ 21.11(a), 22.021(a)(1)(B) (West 2011). Appellant also pleaded true to one enhancement paragraph contained in each indictment. Pursuant to a plea agreement in each case, the trial court deferred adjudicating guilt, placed appellant on community supervision for ten years, and assessed a $2,500 fine. The State later moved to adjudicate guilt, alleging appellant violated condition (b) by testing positive for marijuana; condition (j) by failing to pay community supervision fees; condition (k) by failing to pay Crime Stoppers; condition (*l*) by not completing community service hours; condition (m) by failing to obey all program instructions and/or treatment for Substance Abuse or Psychological Health; condition (n) by failing to pay urinalysis fee; and condition (p) by failing to attend the Safe Neighborhood class. In a hearing on the motions, appellant pleaded true to the allegations. Appellant's signed judicial confessions and stipulations of evidence were admitted. The trial court found the allegations true, adjudicated appellant guilty, and assessed punishment at ten years' imprisonment in each case.

## APPLICABLE LAW

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). An order revoking community supervision must be supported by a preponderance of the evidence, meaning the greater weight of the credible evidence that would create a reasonable belief that the defendant has violated a condition of probation. *Id.* at 763–64.

2

A finding of a single violation of community supervision is sufficient to support revocation. *See* *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). Thus, to prevail on appeal, appellant must successfully challenge all of the findings that support the revocation order. *See Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978).

## DISCUSSION

Appellant contends the trial court abused its discretion by adjudicating his guilt and revoking his community supervision because he raised the defense of inability to pay, and the State failed to prove he had the ability to pay or that his failure to pay was intentional. Appellant also argues that because he was not required to complete the community service hours until the end of the probationary period, he did not violate condition (*l*). The State responds that the trial court did not abuse its discretion by adjudicating appellant's guilt and revoking his community supervision in each case.

Appellant pleaded true to all of the allegations in the motions to adjudicate, including that he tested positive for marijuana. Appellant does not challenge the trial court's finding on this violation. A plea of true, standing alone, is sufficient to support revocation of community supervision. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979). We conclude the trial court did not abuse its discretion by revoking appellant's community supervision and adjudicating his guilt. *See Sanchez*, 603 S.W.2d at 871. We resolve appellant's two issues against him.

## MODIFY JUDGMENTS

The record shows the trial court did not orally pronounce a fine when it adjudicated appellant guilty and imposed the sentences. The judgment in cause no. 05-12-00041-CR, however, includes a $2,500 fine. When a conflict exists between the oral pronouncement and the

written judgment, the oral pronouncement controls. *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). We modify the judgment to delete the $2,500 fine. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.–Dallas 1991, pet. ref'd).

In cause no. 05-12-00042-CR, appellant was convicted of indecency with a child younger than fourteen years, a second-degree felony offense. The judgment, however, states the offense is a first-degree felony. Thus, the judgment is incorrect. We modify the judgment to show the offense for which appellant was convicted is a second-degree felony. *See id.*

We also note that appellant's convictions for aggravated sexual assault of a child and indecency with a child subject him to the sex offender registration requirements. *See* TEX. CODE CRIM. PROC. ANN. Art. 62.001(5)(A) (West Supp. 2011). The trial court's judgment in each case, however, recites the sex offender registration requirements do not apply. Thus, the judgments are incorrect. We modify the judgments to show the sex offender registration requirements apply and the age of the victims is ten years.

## CONCLUSION

In cause no. 05-12-00041-CR, we modify the judgment to delete the $2,500 fine, to show the sex offender registration requirements apply, and the age of the victim is ten years.

In cause no. 05-12-00042-CR, we modify the judgment to show the degree for the offense is "second-degree felony," that the sex offender registration requirements apply, and the age of the victim is ten years.

In cause no. 05-12-00043-CR, we modify the judgment to show the sex offender registration requirements apply, and the age of the victim is ten years.

4

As modified, we affirm the trial court's judgments.

ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120041F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

YASHEAN MARQUIN JACKSON,
Appellant

No. 05-12-00041-CR    V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F10-56595-W).
Opinion delivered by Justice Lang-Miers,
Justices O'Neill and FitzGerald
participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Fine" is modified to show "None."

The section entitled "Sex Offender Registration Requirements" is modified to show "Sex Offender Registration Requirements apply to the Defendant. The age of the victim at the time of the offense was 10 years."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered October 31, 2012.


ELIZABETH LANG-MIERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

YASHEAN MARQUIN JACKSON,
Appellant

No. 05-12-00042-CR   V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F10-56596-W).
Opinion delivered by Justice Lang-Miers,
Justices O'Neill and FitzGerald
participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Degree" is modified to show "2nd Degree Felony."

The section entitled "Sex Offender Registration Requirements" is modified to show "Sex Offender Registration Requirements apply to the Defendant. The age of the victim at the time of the offense was 10 years."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered October 31, 2012.

ELIZABETH LANG-MIERS
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

YASHEAN MARQUIN JACKSON,
Appellant

No. 05-12-00043-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F10-56597-W).
Opinion delivered by Justice Lang-Miers,
Justices O'Neill and FitzGerald
participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Sex Offender Registration Requirements" is modified to show "Sex Offender Registration Requirements apply to the Defendant. The age of the victim at the time of the offense was 10 years."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered October 31, 2012.

ELIZABETH LANG-MIERS
JUSTICE